UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

MISTER SOFTEE, INC.

and

MISTER SOFTEE, INC.,

        Plaintiffs,

                                         OPINION & ORDER
        -against-                           10-CV-02390(ARR)(JMA)

BOULA VENDING INC., et al,

        Defendants.
-------------------------------------------------X
ROSS, J.

       Plaintiffs Mister Softee of Brooklyn, Inc. and Mister Softee, Inc. (together, "plaintiffs")

commenced this action on May 26, 2010 against defendants Boula Vending Inc., Stavros

Sergiadis, Mehmet Sumbultepe, and Sinan Sumbultepe (collectively, "defendants") asserting

violations of the Lanham Act, 15 U.S.C. § 1501 et seq. On July 1, 2010, plaintiffs moved for an

award of attorneys' fees and costs pursuant to 15 U.S.C.§ 1117(a). Pursuant to a referral dated

July 8, 2010, a Report & Recommendation ("Report") of United States Magistrate Judge Joan M.

Azrack, dated December 10, 2010, recommended that the court grant plaintiffs' motion for the

entry of a default judgment against Sergiadis, and "enter judgment against each defendant for

$398.10 in costs, and deny plaintiffs' request for attorneys' fees." (Report at 7.) Plaintiffs filed a

limited objection to the Report on December 22, 2010. Having reviewed de novo those parts of

the Report to which plaintiffs have objected, this court now adopts the Report as the Decision

and Order of this Court.

I.    Standard of Review

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within fourteen days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Id. Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In accordance with the dictates of 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of those portions of the Report objected to by plaintiffs, considering each of their objections.

II.    Plaintiffs' Objections

A.  Attorneys' Fees

Plaintiffs object to Judge Azrack's recommendation that the court deny plaintiffs' request for an award of attorneys' fees, arguing that Judge Azrack misapplied the Lanham Act's standard for awarding fees pursuant to 15 U.S.C. § 1117(a). They contend that Judge Azrack erred by requiring plaintiffs to demonstrate that their case was exceptional, even though she had already found that defendants acted in bad faith by willfully infringing plaintiffs' trademark. (Plaintiffs' Objection ("Pl. Obj.") at 10.) The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Second Circuit has held that "[s]uch fees should be awarded only 'on evidence of fraud or bad faith.'" Twin Peaks Productions, Inc. v. Publications Int'l, Ltd., 996 F.2d 1366, 1383 (2d Cir. 1993) (quoting Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir. 1985),

cert. denied, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986)). Thus, plaintiffs argue, "a finding of bad faith means that the case is 'exceptional.'" (Pl. Obj. at 10 (emphasis in original)). Yet, "[t]he mere existence of a finding of bad faith . . . does not automatically entitle the prevailing party to attorneys' fees," Gidatex, S.r.L. v. Campaniello Imports, Ltd., 82 F.Supp.2d 136, 147 (S.D.N.Y. 2000), and courts routinely decline to award attorneys' fees in cases involving willful infringement. See Johnson & Johnson Consumer Cos., Inc. v. Aini. 540 F Supp. 2d 374, 397 (E.D.N.Y. 2008) (denying a request for an award of attorneys' fees because despite the willful infringement, the case was not exceptional); Lurzer GmbH v. American Showcase, Inc., No. 97 Civ. 6576, 1998 WL 915894, at *4-*5 (S.D.N.Y. Dec. 30, 1998) ("Even in a case where, as here, the defendant engaged in willful deception, a court may decline to award [attorneys'] fees if there are other, mitigating factors."), clarified, 1999 WL 111931 (S.D.N.Y. Mar.4, 1999), aff'd, 1999 WL 1295917 (2d Cir. 1999); Simon & Schuster, Inc. v. Dove Audio, Inc., 970 F. Supp. 279, 302 (S.D.N.Y. 1997) ("Although we find that Dove willfully infringed . . . , we do not believe this case qualifies as 'exceptional' in order to justify an award of attorneys' fees.").

The instant case is similarly one in which a finding of bad faith does not automatically make it "exceptional." Although defendants willfully infringed plaintiffs' trademark, Judge Azrack was correct in noting that "their bad faith alone does not justify a fee award." (Report at 7). It appears that defendants did not purchase their ice cream trucks with the intention of infringing plaintiffs' Mister Softee trademark, but instead, as former franchise operators of Mister Softee, Inc., were merely delayed in removing the trademarks from their trucks due to the prohibitive costs of removal. (See Docket No. 45.) Indeed, from their first appearance, defendants admitted their wrongdoing and were willing to settle this matter, rather than engage

3

in prolonged litigation. Accordingly, as this case is not exceptional, plaintiffs' objection is overruled.

### B. Investigation Costs

Plaintiffs further object to Judge Azrack's recommendation that their request for an award of investigative fees be denied because the costs of investigation were not necessary. (Pl. Obj. at 14.) Although plaintiffs contend that the investigation was "necessary to establish the level at which the Defendants acted in bad faith by intentionally using exact copies of Mister Softee's trademarks to sell their products to unsuspecting customers," (Pl. Obj. at 15 (emphasis in original)), and cite to numerous cases in which courts have awarded investigative fees to prevailing plaintiffs, "[p]rivate investigator fees are not recoverable if attorneys' fees are not recoverable." Eu Yan Sang Intern. Ltd. v. S & M Enterprises (U.S.A.) Enterprise Corp., No. 09-CV-4235, 2010 WL 3824129, at *8 (E.D.N.Y. Sep. 8, 2010). See also Silhouette Int'l Schmied AG v. Vachik Chakhbazian, No. 04-CV-3613, 2004 WL 2211660, at *4 (S.D.N.Y. Oct. 4, 2004) (noting that "the cost of an investigator is not a 'traditional' recoverable cost (nor could it be recovered as a cost if attorneys' fees were not awarded) . . ."). Indeed, none of the cases cited by Plaintiffs awards investigative fees in the absence of an award of attorneys' fees. E.g., Guishan, Inc. v. Arici, 635 F. Supp. 2d 187 (E.D.N.Y. 2009) (awarding a $450 investigative fee as one of "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients"). As she denied plaintiffs' request for attorneys' fees, Judge Azrack was correct in likewise declining to recommend an award of investigative fees, and therefore, plaintiffs' objection is overruled.

III.    Conclusion

For the reasons set forth above, this court finds that plaintiffs' objections lack merit, and it accepts the recommendations set forth in Judge Azrack's Report dated December 10, 2010, and adopts the Report as the Decision and Order of this court. The Clerk of the Court is directed to enter judgment accordingly. Plaintiffs' counsel is directed to serve a copy of this Opinion & Order on each defendant.

SO ORDERED.

s/ ARR

Allyne R. Ross
United States District Judge

Dated: February 16, 2011
Brooklyn, New York